Jesse Cowell, OSB # 082940
Chris Roy, OSB # 031777
R. Darrin Class, OSB # 970101
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
jesse@roylawgroup.com
chris@roylawgroup.com
darrin@roylawgroup.com
Attorneys for Plaintiff, Veronica Tai Little

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VERONICA TAI LITTLE, | Case No. 3:21-cv-01260 |
| Plaintiff, | |
| v. | COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS |
| METROPOLITAN LIFE INSURANCE COMPANY, | (Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |
| Defendant. | |

COMES NOW Plaintiff, Veronica Tai Little, with a complaint for long-term disability insurance benefits, and alleges against Defendant, Metropolitan Life Insurance Company:

Page 1 – COMPLAINT OF PLAINTIFF VERONICA TAI LITTLE

## I.  CAUSE OF ACTION

1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid long-term disability ("LTD") benefits, through the date of judgment, pursuant to the terms of a long-term disability policy ("LTD Plan") provided by Google LLC ("Google") pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff further seeks reinstatement of her LTD benefits pursuant to the terms of the LTD Plan, from the date of judgment until Plaintiff reaches the age of 67 pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), absent a material improvement in her medical conditions such that she would no longer qualify as disabled under the LTD Plan. Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus her costs and reasonable attorney fees, pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II.  IDENTIFICATION OF PLAINTIFF

2.1

Plaintiff is a resident of Multnomah County, Oregon.

2.2

Google employed Plaintiff and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the LTD Plan.

### III.  IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Google was the sponsor and plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

Google delegated sole discretion to make disability determinations under the LTD Plan to Defendant.

3.3

At all times material herein, Defendant was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4

The LTD Plan was fully insured by Defendant, who is wholly responsible for any judgment Plaintiff may obtain through this action for LTD benefits.

### IV.  JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States District Courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391 and LR 3-3(a).

## V.     STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's LTD benefits is reviewed by this court *de novo*.

## VI.     FACTS SUPPORTING CLAIM

6.1

On or about July 27, 2017, Plaintiff became disabled from her job as a Senior UX Writer at Google, while suffering from a combination of conditions including chronic fatigue syndrome and psychiatric disorders.

6.2

Following a benefit waiting period, Defendant awarded LTD benefits to Plaintiff from January 23, 2018 through February 5, 2021, based on both physical and psychiatric conditions.

6.3

On January 8, 2021, Defendant issued a letter to Plaintiff, stating that no LTD benefits would be paid beyond February 5, 2021 ("Denial"). More specifically, Defendant asserted that beyond February 5, 2021, which was nearly a month in the future at the time that the Denial was issued, Plaintiff would not suffer any physical functional limitations due to a chronic fatigue disorder. Defendant also asserted that as of February 5, 2021, the LTD Plan limitation on LTD benefits attributable to purely psychiatric (i.e., mental or nervous) disorders would be reached.

6.4

On May 21, 2021, Plaintiff submitted a timely appeal of the Denial to Defendant, containing evidence supporting Plaintiff's ongoing disability due to purely physical conditions and chronic fatigue symptoms ("Appeal"). More specifically, the Appeal initially contained a 35-page letter and seven exhibits, including attestations from multiple medical providers who treated Plaintiff for both physical and psychiatric conditions—and who all concluded that Plaintiff's disabling fatigue symptoms could not be attributed to a merely psychiatric etiology. Plaintiff also supplemented the Appeal with additional exhibits and another letter on July 15, 2021, which included updated medical records and a further primary care provider attestation in support of ongoing physical disability due to a purely physical etiology.

6.5

On August 18, 2021, Defendant issued a letter rejecting the Appeal and sustaining the Denial.

6.6

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to administrative remedies exhaustion and the submission of sufficient medical proof of her ongoing disabling conditions under the applicable definitions of the LTD Plan.

/

//

6.7

Defendant wrongfully denied Plaintiff's claim for benefits and breached its fiduciary duties to Plaintiff under ERISA.

6.8

The wrongful denial of Plaintiff's claim for LTD benefits was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

6.9

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from February 6, 2021 through the date of judgment.

6.10

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged by the withholding of all other benefits to which she is entitled under the LTD Plan, including, but not limited to, any additional treatment and therapy benefits.

6.11

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover prejudgment interest, which is accruing on each unpaid monthly benefit payment from February 6, 2021 through the date of judgment.

/

//

6.12

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff may and does seek clarification of her rights to future benefits, alleging that she meets the LTD Plan's definition of disabled and as such she is, and absent any material improvement in her medical condition she will be, so entitled to benefits through the maximum term of the LTD Plan.

6.13

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. For gross unpaid monthly LTD benefit payments from February 6, 2021 through the date of judgment, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B. For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C. For a declaration clarifying Plaintiff's rights under the LTD Plan, holding that absent a material improvement in her medical condition such that Plaintiff is no longer deemed disabled under the LTD Plan, Plaintiff is entitled to receive her full monthly benefit under the LTD Plan for its remaining term;

D. For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

E.      For prejudgment and post-judgment interest; and

F.      For such further relief as the court deems just and equitable.

DATED this 24th day of August, 2021.

                ROY LAW GROUP

                *s/ Jesse Cowell*
                Jesse Cowell, OSB # 082940
                1000 SW Broadway Suite 900
                Portland, OR 97205
                PH:   503.206.4313
                FAX:  855.344.1726
                jesse@roylawgroup.com

                *s/Chris Roy*
                Chris Roy, OSB # 031777
                1000 S.W. Broadway, Suite 900
                Portland, OR 97205
                PH: 503.206.4313
                chris@roylawgroup.com

                *s/R. Darrin Class*
                R. Darrin Class, OSB # 970101
                1000 S.W. Broadway, Suite 900
                Portland, OR 97205
                PH: 503.206.4313
                darrin@roylawgroup.com

                *Attorneys for Plaintiff*